UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| SHELBY M. ELLEFSON,<br><br>Plaintiff,<br><br>vs.<br><br>ERIC J. RONKE; RONKE LAW, PLLC; HALLIDAY, WATKINS, AND MANN, P.C.; and CITIZENS BANK,<br><br>Defendants. | 4:25-CV-04128-RAL<br><br><br>OPINION AND ORDER DISMISSING CASE FOR LACK OF SUBJECT-MATTER JURISDICTION |

Plaintiff Shelby Ellefson filed a pro se action asserting claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), as well as state-law claims for fraud and misrepresentation, civil conspiracy, legal malpractice, and intentional infliction of emotional distress. Docs. 1, 11.[1] According to Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Bueford v. Resol. Trust Corp., 991 F.2d 481, 485 (8th Cir. 1993) ("Lack of subject matter jurisdiction[] . . . may be raised at any time by a party to an action, or by the court sua sponte."). For the reasons discussed below, this Court lacks subject-matter jurisdiction, and therefore dismisses the action without prejudice.

---

[1] Ellefson filed a motion to amend her complaint, Doc. 8, which this Court granted, Doc. 10. Because an amended pleading "supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified[,]" 6 Wright & Miller's Federal Practice & Procedure § 1476 (3d ed. 2025), this Court considers Ellefson's amended complaint when determining whether it has subject-matter jurisdiction over this action.

I.  **Factual Background as Alleged by Ellefson**

Ellefson brings the current action based on what she alleges were "unjust bankruptcy" proceedings that led to "lasting and measurable harm." Doc. 11 at 1. Around March of 2024, Ellefson alleges that she "began receiving threatening notices from Citizens Bank, falsely implying that foreclosure or other legal consequences were imminent." Id. at 2. Ellefson alleges that "[t]hese notices were crafted and/or delivered with the assistance of Halliday, Watkins, and Mann, P.C., ["Halliday"] using language designed to intimidate and mislead[,]" and with the intent to "manufacture a sense of urgency, fear and hopelessness—leaving [Ellefson] vulnerable to legal manipulation." Id.

"Eric Ronke, a bankruptcy attorney, then entered the picture[]" as Ellefson's attorney, but she "was misled into filing bankruptcy—a decision that destroyed her career, housing, and long-term financial future." Id. at 2–3. According to Ellefson, Ronke did not explain alternatives to or the consequences of filing for bankruptcy, acted contrary to Ellefson's bests interests, and "[p]ossibly had knowledge of, or collaboration with, the pressure tactics initiated by Citizens Bank and Halliday[.]" Id. at 2.

Ellefson asserts a civil RICO claim, as well as state-law claims for fraud and misrepresentation, civil conspiracy, legal malpractice, and intentional infliction of emotional distress. Id. at 3–5. Ellefson states that she "brings this suit against a network of actors who collaborated, directly or indirectly, to manipulate her financial status, misrepresent her legal options, and ultimately force her into an unjust bankruptcy for their personal and financial gain." Id. at 1. As a result of the defendants' alleged conduct, Ellefson claims to have suffered:

> Over $100,000 in medical costs, Complete loss of 401(k) retirement funds, Destruction of her professional reputation and employment opportunities, Severe mental and emotional trauma including PTSD, suicidal ideation, and ongoing

psychiatric care[,] Lost nights of sleep, many lost[, and] Utter and complete unintentional & intentional humiliation by Eric J. Ronke's attorney, Delia Druly.[2]

Id. at 3. In addition to seeking a ruling in her favor, Ellefson requests $84 million in compensatory damages, $250 million in punitive damages, treble damages under 18 U.S.C. § 1964(c), and "all costs, attorneys' fees, and further relief as this Court deems just and proper[.]" Id. at 5. She also requests that the Court "[o]rder the immediate removal of the bankruptcy from [her] credit records[,]" and that the Court "[i]nitiate referral to appropriate state bar authorities for ethical violations[.]" Id. Finally, Ellefson requests that the Court "[a]llow for permanent injunctive relief to prevent similar acts by these parties." Id. at 6.

## II.     Legal Standard

This Court gives Ellefson's filings a liberal construction based on her status as a pro se plaintiff. "A document filed pro se is to be liberally construed . . . [and] however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citation modified). A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation omitted). A pro se plaintiff "must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (alteration in original) (quoting Cunningham v. Ray, 648 F.2d 1185, 1186 (8th Cir. 1981) (per curiam)).

---

[2] Delia Druley is not named as a defendant in Ellefson's amended complaint. See Doc. 11.

### III.   Subject-Matter Jurisdiction

"[F]ederal courts are courts of limited jurisdiction." United States v. Afremov, 611 F.3d 970, 975 (8th Cir. 2010). As such, this Court "has a special obligation to consider whether it has subject matter jurisdiction in every case." Hart v. United States, 630 F.3d 1085, 1089 (8th Cir. 2011). "This obligation includes the concomitant responsibility to consider *sua sponte* the Court's subject matter jurisdiction where the Court believes that jurisdiction may be lacking." Id. (citation modified); see also Fed. R. Civ. P. 12(h)(3) ("[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). A federal court has jurisdiction over two main kinds of cases: "diversity cases—suits between citizens of different States as to any matter valued at more than $75,000. See 28 U.S.C. § 1332(a). And they have power to decide federal–question cases—suits 'arising under' federal law. § 1331." Badgerow v. Walters, 596 U.S. 1, 7 (2022).

Based on Ellefson's amended complaint, both Ellefson and Ronke appear to be citizens of South Dakota.[3] See Doc. 11 at 2. Thus, Ellefson has failed to establish diversity jurisdiction. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978) ("diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff") (emphasis in original). Therefore, for this Court to have subject-matter jurisdiction over Ellefson's claims, she must establish federal-question jurisdiction and state a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

---

[3] Ellefson states that she is a resident of Harrisburg, South Dakota. Doc. 11 at 2. While Ellefson does not explicitly state that Ronke is a citizen of South Dakota, she states that Ronke is a licensed attorney doing business at a law office in South Dakota. Id. Regardless, Ellefson has failed to meet her burden of establishing the requirements of diversity jurisdiction because she has alleged no facts that Ronke is a citizen of another state. See Hertz Corp. v. Friend, 559 U.S. 77, 96 (2010) ("The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it." (citation omitted)).

4

Here, the only claim in Ellefson's amended complaint that arises under the Constitution, laws, or treaties of the United States is a civil RICO action under 18 U.S.C. § 1962. Doc. 11 at 3. But "[a] court does not obtain subject-matter jurisdiction just because a plaintiff raises a federal question in his or her complaint." Biscanin v. Merrill Lynch & Co., Inc., 407 F.3d 905, 907 (8th Cir. 2005) (citations omitted). "[A]lleging federal question jurisdiction is not always enough to establish a court's power to hear a case because other bars to jurisdiction may exist." Spearfish Evans-Tonn Ditch Co. v. Horizon Inv., LLC, 715 F. Supp. 3d 1219, 1225 (D.S.D. 2024). One such bar is standing: "[w]here a plaintiff lacks standing, the court has no subject matter jurisdiction." Brooks v. City of Des Moines, 844 F.3d 978, 979 (8th Cir. 2016) (citation omitted). See also City of Kansas City v. Yarco Co., Inc., 625 F.3d 1038, 1040 (8th Cir. 2010) ("Standing is a threshold inquiry and jurisdictional prerequisite that must be resolved before reaching the merits of a suit." (citation modified)). For the reasons below, Ellefson fails to establish standing for her RICO claims, and this Court therefore lacks subject-matter jurisdiction to hear her claims.

### A. Failure to Establish Standing Under RICO

Although RICO is primarily a criminal statute, § 1964(c) provides a private right of action: "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter [18 U.S.C. § 1962] may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit[.]" 18 U.S.C. § 1964(c). To advance a civil claim under RICO, a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Lum v. Bank of Am., 361 F.3d 217, 223 (3d Cir. 2004) (citing Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496 (1985)). A "pattern of racketeering activity" requires "at least two acts" of conduct indictable under various enumerated federal criminal statutes. Id.; 18 U.S.C. § 1961(1), (5).

"[A] plaintiff may sue under § 1964(c) only if the alleged RICO violation was the proximate cause of the plaintiff's injury." Anza v. Ideal Steel Supply Corp., 547 U.S. 451, 453 (2006). In other words, "[t]o have standing to make a RICO claim, a party must have 1) sustained an injury to business or property 2) that was caused by a RICO violation." Asa-Brandt, Inc. v. ADM Inv. Servs., Inc., 344 F.3d 738, 752 (8th Cir. 2003). But "§ 1964(c) does not allow recovery for all harms." Med. Marijuana, Inc. v. Horn, 604 U.S. 593, 601 (2025).

"[B]y explicitly permitting recovery for harms to business and property, [§ 1964(c)] implicitly excludes recovery for harm to one's person." Id.; see also Bowen v. Adidas Am. Inc., 84 F.4th 166, 173 (4th Cir. 2023) ("The phrase 'business or property' does not, however, encompass all possible injuries. It excludes, for example, personal injuries and 'pecuniary losses occurring therefrom.'"); Brown-Austin v. Chambers-Smith, No. 1:23-CV-478, 2025 WL 2013585, at *5 (S.D. Ohio July 18, 2025) ("Recovery for physical injury or mental suffering is not allowed under civil RICO because it is not an injury to business or property." (citing Fleischhauer v. Feltner, 879 F.2d 1290, 1300 (6th Cir. 1989)). The Supreme Court of the United States offered clarification on this distinction with the following example:

> [I]f the owner of a gas station is beaten in a robbery, he cannot recover for his pain and suffering. But if his injuries force him to shut his doors, he can recover for the loss of his business. In short, a plaintiff can seek damages for business or property loss regardless of whether the loss resulted from a personal injury.

Horn, 604 U.S. at 601.

Here, Ellefson claims to have suffered "[s]evere mental and emotional trauma including PTSD, suicidal ideation, and ongoing psychiatric care[,] [l]ost nights of sleep, many lost[, and] [u]tter and complete unintentional & intentional humiliation by Eric J. Ronke's attorney, Delia Druley." Doc. 11 at 3. But personal injuries such as mental anguish, emotional distress, stress, physical discomfort, and associated illnesses "are not a basis for a civil RICO action." Dysart v.

6

BankTrust, 516 F. App'x 861, 864 (11th Cir. 2013) (per curiam). Ellefson also claims she lost "[o]ver $100,000 in medical costs," and a "[c]omplete loss of 401(k) retirement funds[.]" Doc. 11 at 3. But as stated earlier, "[t]he phrase 'business or property' does not, . . . encompass all possible injuries. It excludes, for example, personal injuries and 'pecuniary losses occurring therefrom.'" Bowen, 84 F.4th at 173 (citation omitted); see also Hamm v. Rhone-Poulenc Rorer Pharms., Inc., 187 F.3d 941, 947 (8th Cir. 1999) ("appellants could not base a civil RICO claim on allegations of wrongful discharge, denial of promotion, *loss of compensation or benefits*, harassment or intimidation, and retaliation.") (emphasis added). Ellefson also alleges that she suffered "[d]estruction of her professional reputation[.]" Doc. 11 at 3. "Damage to reputation is generally considered personal injury and thus is not an injury to 'business or property' within the meaning of 18 U.S.C. § 1964(c)." Hamm, 187 F.3d at 954. Therefore, these injuries fail to establish standing for a RICO violation.

Lastly, Ellefson alleges that she suffered "destruction of her . . . employment opportunities." Doc. 11 at 3. To state a civil RICO claim, the plaintiff must show that the RICO offense was the proximate cause of their injury, which requires "some direct relation between the injury asserted and the injurious conduct alleged." Hemi Group, LLC v. City of New York, 559 U.S. 1, 9 (2010) (citation omitted). A plaintiff must demonstrate "a sufficiently direct relationship between the defendant's wrongful conduct and the plaintiff's injury." Id. at 14 (citing Bridge v. Phoenix Bond & Indem. Co., 553 U.S. 639, 657–58 (2008)). "A link that is too remote, purely contingent, or indirect is insufficient." Id. at 9 (citation modified). Here, Ellefson fails to claim that the defendants' conduct was a proximate cause of her injuries – she refers generally to a loss of "employment opportunities" and does not provide how the defendants' conduct resulted in a

loss of those opportunities, or indeed any link between the alleged RICO violations and the loss of employment opportunities. Doc. 11 at 3.

Even if Ellefson did provide a direct relationship between the wrongful conduct and her alleged injury, she must still show that the alleged RICO violations resulted in a "concrete financial loss[]" in order to establish standing for a RICO claim. Gomez v. Wells Fargo Bank, N.A., 676 F.3d 655, 659 (8th Cir. 2012) (citation omitted). "Injury to mere expectancy interests or to an 'intangible property interest' is not sufficient to confer RICO standing." Regions Bank v. J.R. Oil Co., LLC, 387 F.3d 721, 728–29 (8th Cir. 2004) (quoting Price v. Pinnacle Brands, Inc., 138 F.3d 602, 607 (5th Cir. 1998)); see also HCB Fin. Corp. v. McPherson, 8 F.4th 335, 344 (5th Cir. 2021) ("to establish RICO standing, a plaintiff must prove a concrete financial loss, an actual loss of their own money, and not mere injury to a valuable intangible property interest." (citation modified)). Here, Ellefson provides this Court with no facts demonstrating a concrete financial loss. Her bare assertion that she suffered "[d]estruction of her . . . employment opportunities[]" is insufficient to demonstrate the sort of concrete injury necessary to establish standing for RICO claims. Doc. 11 at 3.

Thus, Ellefson fails to establish standing for an individual civil RICO claim or allege a viable RICO claim. Therefore, her civil RICO claims are dismissed without prejudice for failure to establish standing.

### B.   State-Law Claims

Ellefson's civil RICO claims were the only claims triggering federal-question jurisdiction and allowing her to proceed in this court. "Given the absence of standing on the [federal-question] claim, the state and local claims cannot proceed in federal court. Supplemental jurisdiction requires at least one claim within the district court's original jurisdiction." City of Kansas City,

625 F.3d at 1041 (citations omitted). Therefore, this Court may not exercise supplemental jurisdiction over Ellefson's state-law claims. Ellefson's entire action is dismissed without prejudice for lack of subject-matter jurisdiction.

## IV. Motion for Leave to File a Second Amended Complaint

Because Ellefson has already amended her complaint once as a matter of course, she may only amend her pleading further "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Under Rule 15(a), "[t]he court should freely give leave [to amend the complaint] when justice so requires," Fed. R. Civ. P. 15(a)(2), and "[a] decision whether to allow a party to amend [a] complaint is left to the sound discretion of the district court," Popoalii v. Corr. Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008). But a party has no absolute right to amend its pleadings. Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 715 (8th Cir. 2008). Courts may deny leave to amend if there is "undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

In her proposed amended complaint, Ellefson seeks to add an additional defendant, Kyle Carlson, the "Chapter 13 bankruptcy trustee involved in the underlying events giving rise to this action." Doc. 19 at 2. Ellefson's amended complaint asserts a Fifth Amendment due process claim, as well as state-law claims for breach of fiduciary duty and negligence arising from Carlson's administration of Ellefson's bankruptcy estate. Doc. 19-1 at 2. Because of Carlson's conduct, Ellefson alleges that she "Lost access to approximately $130,000 in equity; Suffered additional credit damage and financial instability; Lost opportunities for loan modification and financial recovery; Incurred additional legal, medical, and living expenses; [and] Endured severe emotional distress and financial harm." Id.

9

"Although leave to amend a complaint 'should be freely granted,' it may be denied if the proposed amended pleading would be futile." Ingrim v. State Farm Fire & Cas. Co., 249 F.3d 743, 745 (8th Cir. 2001) (quoting Wald v. Sw. Bell Corp. Customcare Med. Plan, 83 F.3d 1002, 1005 (8th Cir. 1996)). "Denial of a motion for leave to amend on the basis of futility 'means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.'" Zutz v. Nelson, 601 F.3d 842, 850 (8th Cir. 2010) (Cornelia I. Crowell GST Trust v. Possis Med., Inc., 519 F.3d 778, 782 (8th Cir. 2008)).

Here, Ellefson attempts to state claims against a bankruptcy trustee. See Doc. 19; Doc. 19-1. But a trustee cannot be sued without leave of the bankruptcy court, and a party is prohibited "from suing a trustee in a non-appointing court for acts done in the official capacity of the trustee and within the trustee's authority as an officer of the court." In re Nathurst, 207 B.R. 755, 758 (Bankr. M.D. Fla. 1997) (citing Barton v. Barbour, 104 U.S. 126 (1881)). "Consent of the appointing bankruptcy court is required even when the plaintiff seeks to sue in another federal court." In re Krikava, 217 B.R. 275, 279 (Bankr. D. Neb. 1998). "The requirement that a trustee cannot be sued in a non-appointing court for acts done in the official capacity of the trustee and within the trustee's authority as an officer of the court, unless leave is first obtained from the bankruptcy court, enables the bankruptcy court to maintain better control over the administration of the estate." In Re Ross, 231 B.R. 74, 78 (Bankr. W.D. Mo. 1999) (citing In re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir. 1993)).

In her amended complaint, Ellefson seeks to sue Carlson for his alleged failure to administer her estate properly. See Doc. 19-1. Ellefson does not state a claim against Carlson for anything other than acts done in his official capacity as trustee. See id. But Ellefson has not

10

alleged that she has received consent from the bankruptcy court to sue Carlson. Id. Therefore, this Court lacks subject-matter jurisdiction over Ellefson's claims against Carlson. See Carter v. Rodgers, 220 F.3d 1249, 1255 (11th Cir. 2000) (noting that the district court lacked subject-matter jurisdiction when the plaintiff "failed to obtain leave from the bankruptcy court when such leave was a pre-requisite to filing this civil action against the Defendants outside of that court."); see also In re Krikava, 217 B.R. at 279 (holding that a debtor suing a bankruptcy trustee based on their administration and liquidation of the bankruptcy estate "must obtain the consent of [the] bankruptcy court before they may proceed against the trustee . . . in another forum."). Therefore, Ellefson's amended complaint is futile, and her motion to amend her complaint, Doc. 19, must be denied.

Additionally, the United States Court of Appeals for the Eighth Circuit has previously upheld a district court's denial of a motion to amend when the plaintiff failed to comply with the district court's local rules that required a plaintiff seeking to amend to reproduce the entire new pleading as opposed to incorporating prior pleadings by reference. Muff v. Wells Fargo Bank NA, 71 F.4th 1094, 1099 (8th Cir. 2023) ("We have stressed that "[a] district court does not abuse its discretion in denying leave to amend when a plaintiff has not submitted a proposed amended pleading in accord with a local procedural rule." (alteration in original) (citations omitted)). The District of South Dakota has a similar rule, Local Rule 15.1, which states that "any party moving to amend or supplement a pleading must attach a copy of the proposed amended pleading to its motion to amend with the proposed changes highlighted or underlined so that they may be easily identified." D.S.D. Civ. LR 15.1. Ellefson submitted a "Motion for Leave to File a Second Amended Complaint" that only included "supplemental allegations" rather than a copy of the proposed amended pleading in its entirety, as Local Rule 15.1 requires. See Doc. 19; Doc. 19-1

11

(capitalization in original omitted). Therefore, Ellefson's motion for leave to file a second amended complaint can be denied based on her failure to comply with this Court's local rules as well. See Far E. Aluminium Works Co. v. Viracon, Inc., 27 F.4th 1361, 1367 (8th Cir. 2022) ("Although litigants are freely given leave to amend pleadings, they still have to follow the proper procedures." (citation modified)).

## V.  Remaining Motions

Ellefson also filed a motion to appoint counsel, Doc. 4; a motion to allow use of cell phone for presentation of evidence, Doc. 7; a motion for extension of time to complete service pursuant to Federal Rule of Civil Procedure 4(m), Doc. 18; and a second motion for leave to proceed in forma pauperis, Doc. 20. Because Ellefson's action is dismissed for lack of subject-matter jurisdiction, her remaining motions, Docs. 4, 7, 18, and 20, are denied as moot.

Additionally, Defendants Halliday, Watkins, and Mann, P.C. and Citizens Bank moved for dismissal pursuant to Federal Rule of Civil Procedure 4(m). Doc. 15. Because this action is dismissed for lack of subject-matter jurisdiction, the motion to dismiss is denied as moot.

## VI.  Conclusion

Accordingly, it is

ORDERED that Ellefson's action is dismissed without prejudice for lack of subject-matter jurisdiction. It is further

ORDERED that Ellefson's motion to file a second amended complaint, Doc. 19, is denied as futile. It is finally

ORDERED that the remaining motions, Docs. 4, 7, 15, 18, and 20 are dismissed as moot.

DATED this 3rd day of March, 2026.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE
